# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

RAFAEL A. LLOVERA LINARES,

    Petitioner,

vs.                                     Case No. 4:13cv238-RH/CAS

DEPARTMENT OF HOMELAND SECURITY,

    Respondent.

                                                 /

## SECOND REPORT AND RECOMMENDATION

Petitioner has filed a Motion for a Preliminary Injunction, doc. 16, and a Second Motion for a Preliminary Injunction. Docs. 16, 17. Both motions were filed on September 16, 2013. In the first motion, doc. 16, Petitioner seeks an order granting his immediate release or, as an alternative, an "injunction ordering an immigration judge Denise Slavin at Krome Detention Center to hold a hearing at which the government would have the burden of justifying his detention and to determine whether Petitioner's prolonged detention remained justified." Doc. 16 at 1-2. The second motion, doc. 17, seeks an "injunction ordering the Office of the United States Attorney to initiate a criminal investigation against officers of the Broward County Sheriff's Office on the grounds that they had committed criminal activity by tampering [with] evidence, perjury, malicious prosecution, felonious assault with a firearm and aggravated battery in

violation of the United States Constitution." Doc. 17 at 1. In the alternative, Petitioner requests the injunction be directed to the Florida Department of Law Enforcement to conduct the investigation. *Id.* at 1-2. In addition, Petitioner requests this Court act as a certifying official or agency so that his motion for U-Visa certification will be granted. *Id.* at 2.

Considering the second motion first, a prior report and recommendation, doc. 7, was entered in this case on May 10, 2013, recommending dismissal of this § 2241 petition as premature and recommending denial of Petitioner's "Motion for U-Visa Certification," doc. 6. The report and recommendation found that Petitioner had not shown he was the victim of a qualifying crime to support a U-Visa application and, thus, the motion should be denied. Doc. 7 at 4. The report and recommendation was rejected and the case remanded, finding Petitioner's petition was not premature. Doc. 8. The Order of remand did not consider the pending motion for U-Visa certification.[1]

This is not Petitioner's only habeas petition in this Court, and judicial notice is taken of an earlier case Petitioner initiated on January 25, 2013, case number 4:13cv32. In review of that case, it has been discovered that after entry of the Board of Immigration Appeals' order affirming the Immigration Judge's order of removal, Petitioner sought review by filing a petition in the Eleventh Circuit Court of Appeals on November 2, 2011. *See* Court of Appeals case number 11-15108. The Eleventh Circuit denied Petitioner's motion for a stay of removal on November 3, 2011. *See* Court of Appeals case number 11-15108. On June 12, 2012, the Eleventh Circuit denied Petitioner's motion for U-Visa Certification and dismissed his petition for review

---

[1] After remand, an Order was entered directing service of the petition. Doc. 9.

as to the request for asylum. *Id.* In denying[2] the motion for U-Visa Certification, the Eleventh Circuit noted that Petitioner "failed to allege, and the record does not reveal, any pending criminal investigation or prosecution against the police officers." *Id.* (Order dated June 12, 2012). Thus, the Court found that Petitioner had not made the required showing under 8 C.F.R. § 214.14(a)(3)(ii), that he "has been, or is likely to be, helpful to an investigation or prosecution of a qualifying criminal activity." *Id.*

It is evident that Petitioner has filed the second motion for injunctive relief in another attempt to obtain a U-Visa certification. However, this Court cannot provide the relief requested as this Court cannot direct the initiation of a criminal investigation. The decision of whether or not to investigate criminal violations is left to the discretion of the agencies charged with that duty. 28 U.S.C. § 535; *see e.g.*, Jafree v. Barber, 689 F.2d 640, 643 (7th Cir. 1982); Peek v. Mitchell, 419 F.2d 575, 577 (6th Cir. 1970). The decision to investigate and prosecute crimes lies in the executive branch of government. The doctrine of separation of powers prevents this Court from interfering or directing that a criminal investigation be undertaken. *See* United States v. Cox, 342 F.2d 167, 171 (5th Cir.), *cert. den. Sub nom.* Cox v. Hauberg, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965); LaRouche v. Webster, 566 F.Supp. 415 (S.D.N.Y. 1983). Accordingly, Petitioner's second motion for a preliminary injunction, doc. 17, should be denied.

As for Petitioner's first motion, doc. 16, Petitioner seeks the relief to which he would be entitled *if* this § 2241 petition were granted. Such relief should normally come

---

[2] Thereafter, on January 25, 2013, Petitioner's petition for review of the Board of Immigration Appeal's final order was dismissed for lack of jurisdiction. *Id.*

at the end of litigation and not at the beginning.  Moreover, having considered Petitioner's other case reveals another basis for denying this motion.

The Supreme Court held that after the presumptive six-month period, "the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.' " Clark v. Martinez, 543 U.S. 371, 125 S.Ct. 716, 722, 160 L.Ed.2d 734 (2005), *quoting* Zadvydas v. Davis, 533 U.S. 678, 701, 121 S.Ct. 2491, 2505, 150 L.Ed.2d 653 (2001).  Considering this motion along with the petition filed in case number 4:13cv32, Petitioner has not shown that his removal is not foreseeable.  Petitioner alleged in the petition filed in case number 4:13cv32 that he "is unlikely to be deported in the reasonable foreseeable future, among other reasons, due to the long-standing refusal of the Petitioner to be deported to a Country were [sic] his live [sic] will be threatened."  Doc. 1 at 24 of that case.  The petition also alleged: "Petitioner had been tried [sic] to be remove[d] from the United States by ICE officers [o]n several occasions, but Petitioner informed to the ICE officer that he was afraid to go back to Venezuela because [of] the murders of his father and brother by governmental authorities on September 2006."  Doc. 1 at 4 of that case.  Thus, a report and recommendation has been entered in that case to deny the petition, finding that Petitioner could be removed if he were not refusing and preventing his removal.

Under 8 U.S.C. § 1231(a)(1)(A), the government has a 90-day period of time to remove an alien.  However, the removal period "shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents

necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C) (emphasis added). Thus, the statute expressly permits an alien to be detained longer than the presumptive removal period where the alien prevents his own removal. Because Petitioner's allegations in the petition filed in case number 4:13cv32 adequately demonstrate that Petitioner's detention has been extended by Petitioner's own efforts, Petitioner is not entitled to release from detention in this case. Accordingly, the motion for a preliminary injunction, doc. 16, filed in this case should be denied.

Moreover, Petitioner has made the same allegations in the instant petition, doc. 1, filed in this case. Petitioner contends his removal is unlikely "due to the long-standing refusal of the Petitioner to be deported to a Country were [sic] his live [sic] will be threatened." Doc. 1 at 13. The petition demonstrates on its face that Petitioner's continued detention is due to his refusal to be removed. Zadvydas does not provide a basis for relief when an alien's detention is extended because of the alien's non-cooperation. Powell v. Ashcroft, 194 F.Supp.2d 209, 211 (E.D.N.Y. 2002), *citing* Guner v. Reno, 2001 WL 940576 (S.D.N.Y. Aug. 20, 2001). Because Petitioner has not made the required showing for relief in this case, and because this case should not proceed differently than Petitioner's other case, case number 4:13cv32-RH/CAS, the petition, doc. 1, should be denied.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's Motion for U-Visa Certification, doc. 6, the Motion for a Preliminary Injunction, doc. 16,

the Second Motion for a Preliminary Injunction, doc. 17, be **DENIED**, and the habeas petition, doc. 1, should be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 27, 2013.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**